FILED
2017 Jul-07 PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **FRANCES D. COPE,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Civil Action Number ) **5:17-cv-181-AKK** |
| **HYUNDAI MOTOR FINANCE,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM OPINION AND ORDER

Frances Cope brings claims against Hyundai Motors Finance, Equifax Information Services LLC, Trans Union, LLC, and Experian Information Solutions, Inc., alleging violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). *See generally* docs. 1; 21; 50. The court has for consideration motions to dismiss from Experian, doc. 8, Hyundai, doc. 28, and Trans Union, doc. 45, which are fully briefed, docs. 27; 39; 52; 53; 54; 56, and ripe for review, and multiple filings by Cope. For the reasons stated more fully below, the motions to dismiss are due to be granted.

### I. COPE'S FILINGS

As an initial matter, Cope has filed two motions to strike dismissal, docs. 49; 51, five amendments to her complaint, docs. 21; 25; 50; 59; 61, and two identical surreplies to Trans Union's motion to dismiss, docs. 58 and 60. First, as to the

1

motions to strike dismissal, doc. 49; 51, the court construes the first, doc. 49, to be Cope's contention that she believes she has valid claims against Trans Union. Similarly, the second motion to strike, doc. 51, is Cope's contention that she believes she has valid claims against all Defendants. As the court informed Cope previously, such a contention is not a proper matter for a motion. *See* doc. 48 ("Plaintiff's motions not to dismiss Experian Information Services, doc. 38, and Hyundai Motor Finance, doc. 39, are basically Cope's contention that she believes she has valid claims against these two defendants, and are not proper matters for a motion."). Therefore, these motions are **DENIED**. The court will treat these filings as Cope's response to the motions to dismiss.

Second, Cope's amendments to her complaint submitted in docs. 21 and 50, where, *inter alia*, Cope corrects the names of Defendants Experian and Trans Union, are **GRANTED**.

Third, as to Cope's amendments submitted in docs. 25; 59; and 61, the court reminds Cope of Fed. R. Civ. P. 15(a), which restricts Cope to amend her pleading "once as a matter of course" within "21 days after serving it" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Thereafter, Cope may only amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As a result, after her first amendment to her complaint, doc. 21, which she properly

filed within 21 days of the first responsive pleading entered in this case, to file any subsequent amended complaints, docs. 25; 59; 61, Cope needed to obtain written consent from Defendants or seek the court's leave. In light of Cope's failure to do so, the subsequent amended complaints, docs. 25; 59; 61, are **STRICKEN** from the record.[1] Accordingly, Trans Union's motion to dismiss or, in the alternative, strike, doc. 63, Hyundai's motion to strike or, alternatively, dismiss, doc. 68, and Cope's motion to dismiss amendments, doc. 71, are **GRANTED**.

Finally, as to Cope's identical surreplies, docs. 58 and 60, Cope previously filed multiple responses to Trans Union's motion to dismiss, *see* docs. 49; 53; 54, and now, without seeking leave of court to file additional briefings, Cope filed the surreplies at issue after the briefing schedule deadlines had passed, *see* doc. 47. Cope has presented no valid reason as to why she could not have included the information presented in her surreplies in her previous responses. *See generally* docs. 58 and 60. "Surreplies typically will be permitted only in unusual

---

[1] Docs. 59 and 61 are identical amended complaints Cope filed one month after the defendants filed their motions to dismiss. *See* docs. 45; 59; 61. Even considering these two documents — in which Cope states that she has sent "3 disputes on separate dates to the 3 Credit Bureaus," that the credit bureaus [CRAs] have not removed the alleged inaccurate information, and that "[t]his is a process that works if the Bureau's carry-out the proper investigation," docs. 59 and 61, unfortunately for Cope, she does not connect the dots for the court and still fails to plead sufficient facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). These amendments are futile because they contain no new allegations. Cope is placed on notice that she must first seek leave from the court before any future attempts to amend her complaint.

circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." *Coker v. Enhanced Senior Living, Inc.*, 897 F. Supp. 2d 1366, 1373 (N.D. Ga. 2012). After all, "[t]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999), *aff'd sub nom. Garrison v. Ne. Georgia Med. Ctr.*, 211 F.3d 130 (11th Cir. 2000). Accordingly, Trans Union's motion to strike, doc. 64, is **GRANTED**, and Cope's surreplies, docs. 58 and 60, are **STRICKEN** from the record.

Consequently, Cope's original complaint, doc. 1, with the accompanying amendments submitted through docs. 21 and 50, constitute the complaint against which the court will assess Defendants' motions to dismiss.

## II. MOTIONS TO DISMISS[2]

In her Complaint, Cope pleads that she had an automobile installment account with Hyundai Motors. Doc. 1 at 22. After three years without any issues, although Cope paid all of her payments timely, Hyundai started charging Cope late fees. *See generally* doc. 1. Following a complaint Cope filed with the Consumer

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the "facts" here are taken directly from the Complaint and its amendments, docs. 1; 21; 50.

4

Financial Protection Bureau (CFPB), Hyundai removed the late fees. *Id.* at 22. However, Hyundai has continued to charge Cope unwarranted late fees, *see id.* ("I have to constantly go back and obtain my bank records and fax to them to straighten out."). Moreover, Hyundai has reported incorrectly to Equifax that Cope's payments are late, *id.* at 6, 22, and despite Cope's request to Equifax, Equifax has failed to disallow Hyundai from reporting the false late payments. *Id.*

Cope pleads also that Equifax is "constantly reporting inaccurate information." *Id.* at 6. Despite sending Equifax a letter stating that her Hyundai account was "paid in full from the dealership," Equifax "totally removed" the account instead of correcting the alleged inaccurate information and showing the account as "paid in full" as Cope had requested. *Id.* at 6–7. These actions negatively affected Cope's credit score. *Id.* at 7.

Similarly, Cope pleads that Experian and Trans Union have also reported information inaccurately "and did not remove within the last year," despite Cope disputing her Credit file. *See id.*; *see also* doc. 21.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. ANALYSIS

Defendants each move to dismiss this case on the grounds that Cope has failed to sufficiently plead claims upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The court will address each motion below.

*1. Experian and Trans Union*

To sufficiently plead an FCRA claim against a credit reporting agency ("CRA"), Cope must plead that the CRA failed: (1) to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates; or (2) to properly reinvestigate information that a consumer disputes as incomplete or inaccurate. Doc. 8 at 2 (citing 15 U.S.C. §§ 1681e(b); 1681i; 1681n; 1681o). Here, however, Cope's complaint against Experian and Trans Union fails to plead more than "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. 662, 678 (2009). For example, Cope only pleads that Experian and Trans Union "also reported information inaccurately 'and did not remove within the last year,'" despite Cope disputing her credit file. Docs. 1 at 7; 21. As Experian and Trans Union note, Cope's complaint lacks "any allegations sufficient to identify what section(s) of the FCRA was allegedly violated," and fails to recite "even threadbare elements of any cause of action," doc. 8 at 2–3; *see also* doc. 45 at 4 ("Nowhere in the multiple pleadings does Plaintiff cite a specific provision of the FCRA").

Moreover, the FCRA "does not make reporting agencies strictly liable for all inaccuracies," doc. 8 at 3 (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)); *see also* doc. 45 at 5 (same), and Cope has not provided any basis to establish liability in this case. Accordingly, Experian's and Trans Union's motions to dismiss are due to be granted.

   2. *Hyundai*

Hyundai contends that Cope's claims against it fail because: (1) as a private party, Cope has no cause of action under 15 U.S.C. § 1681s-2(a), and (2) she has insufficiently pleaded her claim under 15 U.S.C. § 1681s-2(b). Doc. 28 at 2. The FCRA imposes two separate duties on furnishers of information. "First, § 1681s–2(a) requires furnishers to submit accurate information to [credit reporting agencies] CRAs. Second, § 1681s–2(b) requires furnishers to investigate and respond promptly to notices of customer disputes." *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008). Generally, the FCRA "does not provide a private right of action to redress violations of tendering false information regarding an individual's account." *Id.* However, "[t]he FCRA does provide a private right of action for a violation of § 1681s–2(b), . . . *if* the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Id.*

Dismissal is warranted on Cope's claim against Hyundai because of Cope's failure to plead that any of the defendant CRAs notified Hyundai of any dispute by

Cope. *See generally* doc. 1. Instead, Cope states only that Hyundai has reported incorrect information to Equifax, *id.* at 6, 22, and that despite her request that Equifax disallow Hyundai from reporting falsely, Equifax has failed to do so.[3] *Id.* However, absent an assertion that Equifax or any of the other CRAs actually notified Hyundai of any disputes Cope had regarding the subsequent incorrect reporting and that Hyundai failed to take sufficient action thereafter, Cope fails to sufficiently plead a claim against Hyundai. *See* doc. 28 at 3, 8–10. Even in the amended complaints the court has struck, *see supra* docs. 25; 59; 61, Cope fails to plead any such information. Therefore, Hyundai's motion to dismiss is due to be granted.

## V. CONCLUSION AND ORDER

For the aforementioned reasons, the motions to dismiss, docs. 8; 28; 45, are **GRANTED**, and Cope's claims against Experian, Trans Union, and Hyundai are **DISMISSED** without prejudice. This lawsuit shall proceed solely against Equifax.

**DONE** the 7th day of July, 2017.

                                                                    _____
                                                                    **ABDUL K. KALLON**
                                                                    UNITED STATES DISTRICT JUDGE

---

[3] Cope pleads also that at some point, she notified the Consumer Financial Protection Bureau (CFPB) that Hyundai had wrongfully charged her late fees, and thereafter Hyundai removed the late fees. Doc. 1 at 22. The CFPB is not a CRA, and, as such, Cope cannot rely on this allegation to support her private cause of action claim against Hyundai. Moreover, even with this contention, Cope's claim would fail because Cope does not assert that Hyundai failed to properly respond to any notifications from CFPB. *See generally id.* Cope pleads, rather, that despite the initial correction, Hyundai has continued to charge her unwarranted late fees, *see id.* ("I have to constantly go back and obtain my bank records and fax to them to straighten out.").